1

2

3

4

5

6

7

8                **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11 DANIEL SAAVEDRA,                 Case No. 2:22-cv-06685-MEMF (GJS)

12             Petitioner,         **ORDER ACCEPTING FINDINGS AND**

13      v.                       **RECOMMENDATIONS OF UNITED**
                                     **STATES MAGISTRATE JUDGE**

14 RON GODWIN, Warden,

15             Respondent.

16

17

18        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records

19 on file, and the Report and Recommendation ("Report") of the United States

20 Magistrate Judge.  Further, the Court has engaged in a *de novo* review of those

21 portions of the Report to which objections have been made.

22        The Report recommends the denial of habeas relief for Petitioner's claims

23 challenging his convictions for sexual abuse of his daughters.  (Dkt. No. 17.)  For

24 the following reasons, Petitioner's Objections to the Report (Dkt. No. 21) do not

25 warrant a change to the Magistrate Judge's findings or recommendation.

26        Petitioner objects that the evidence was insufficient to sustain his

27 convictions.  (Dkt. No. 21 at 2-4.)  He argues that the victims' testimony was

28 "patently unreliable, inconsistent, contradictory, and uncredible" and "failed to

demonstrate the kind of acts that supposedly occurred with sufficient specificity, the supposed number of acts committed, or the general time period in which the acts supposedly occurred." (*Id*. at 3.)  And in his Petition, he repeatedly described the testimony as "improbable and beyond belief." (Dkt. No. 1 at 49.) But as the Report stated, the Court has no license to reevaluate the jury's credibility assessments of the witnesses.  (Dkt. No. 17 at 6.)  And as the Report further stated, under California law, "prosecutions for child abuse must sometimes be based on generic testimony." (Dkt. No. 17 at 5.)  The Ninth Circuit has rejected the argument that California law permitting generic testimony from child abuse victims violates federal due process. *Brodit v. Cambra*, 350 F.3d 985, 988-89 (9th Cir. 2003).

Petitioner objects that the amendment of the charges during trial violated his right to sufficient notice.[1]  (Dkt. No. 21 at 4-9.)  He argues that "it is the information which the United States Supreme Court holds is the operative instrument that must adequately inform a criminal defendant of the allegations against him or her." (*Id*. at 4.)  To the contrary, "when a defendant has argued that he received insufficient notice of a particular theory of the case — a court can examine sources other than the information for evidence that the defendant did receive adequate notice." *Gautt v. Lewis*, 489 F.3d 993, 1009 (9th Cir. 2007).  Such sources may include, as the Report stated, the testimony of the witnesses at the preliminary hearing and at trial.  (Dkt. No. 17 at 10.) In this case, this was largely revealed at the preliminary hearing, well before trial, so Petitioner's argument that he was required to "prepare his defense *during* trial testimony" (Dkt. No. 21 at 4 (emphasis added)) is belied by the record.

---

[1] The Court notes that although the Court of Appeals decision cites to Penal Code Section *228* as the relevant statutory provision for lewd act on a child, it appears that the correct citation is Penal Code *288* as reflected in the charging document and jury instructions given. (Dkt. No. 12-1 at 94, 164.) *See also* Penal Code Section 288.

Petitioner relatedly objects, as to his sufficient notice claim, that he did not forfeit this claim by failing to raise this argument in a contemporaneous objection at trial. (Dkt. No. 21 at 5.) Petitioner argues that the contemporaneous-objection rule is not adequate as a procedural default because it is not "clear, consistently applied, and well-established." (*Id*. at 6.) To the contrary, the contemporaneous-objection rule is adequate. *Fairbank v. Ayers*, 650 F.3d 1243, 1256 (9th Cir. 2011). Petitioner's citations to exceptions, from cases where the rule was not applied (Dkt. No. 21 at 7), do not demonstrate inadequacy. *See Johnson v. Lee*, 578 U.S. 605, 608-09 (2016) (*per curiam*) (rejecting argument that nine cases where the *Dixon* rule was not applied established the rule's inadequacy). Moreover, Petitioner's argument that he is excused from the procedural default because of his actual innocence (Dkt. No. 21 at 8) fails because he has not identified any new evidence of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.").

Although Petitioner argues that "had the allegations been sufficiently pled," he would have been able to present "extrinsic evidence of his lack of opportunity to commit the crimes," he has not explained how that would be the case, given that the conduct was within the time frames contemplated in the charging document and preliminary hearing and the amended charges concerned the same conduct or acts. This argument fails.[2]

---

[2] A review of the jury instructions setting forth the elements confirms not just that the amended charges were of less serious conduct, but more importantly that the amended charges were mostly of *lesser* conduct that Petitioner necessarily had notice of because it was largely encompassed by the original charges. For instance, the charge in Count 5, continuous sexual abuse in violation of Penal Code 288.5, was replaced with Count 7, lewd act on a child in violation of Penal Code 288, for the same act testified to. The jury instructions reflect that nothing greater was required to be proven. Compare CALCRIM 1120 (jury instruction for continuous sexual abuse which requires proof of "lewd conduct") with CALCRIM 1110 (jury instruction for lewd act on a child). Similarly,

Petitioner objects that he was denied the right to present a defense by the exclusion of evidence of his erectile dysfunction, which would have established he did not sexually abuse his daughters. (Dkt. No. 21 at 9-10.) Petitioner argues that evidence of his erectile dysfunction rendered the victims' testimony "a factual impossibility." (*Id*. at 10.) To the contrary, as the Report stated, the state court determined that Petitioner's ability to maintain an erection was unrelated to the elements of the charged offenses and "tangential to the issue of whether he sexually molested his daughters." (Dkt. No. 17 at 12.) No witness testified to an erection (Dkt. No. 12-8 at 46); what the witnesses testified to *was* possible (and believed by the jury) regardless of any alleged erectile dysfunction.

## ORDER

IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: January 16, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE

---

the charge in Count 6, aggravated sexual assault in violation of Penal Code 269(a)(5) and 289(a), was replaced with Count 8, lewd act on a child, concerning the same conduct. The jury instructions similarly show no greater proof needed. Compare CALCRIM 1123 (jury instruction for aggravated sexual assault) and CALCRIM 289 (jury instruction for sexual penetration, requiring penetration for the purpose of sexual arousal, gratification, or abuse) with CALCRIM 1110 (jury instruction for lewd act on a child with the intent of arousal, or gratification, or appealing to lust, passions, or sexual desires).